# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>AUTOMATORS LLC, *et al.*,<br><br>　　　　　　　　　　Defendants,<br><br><br>PEREGRINE WORLDWIDE, LLC,<br><br>　　　　　　　　　Relief Defendant. | Case No. 23-cv-1444-BAS-LSC<br><br>**ORDER GRANTING JOINT MOTION TO EXTEND THE TEMPORARY RESTRAINING ORDER**<br><br>**(ECF No. 33)** |

　　　The Federal Trade Commission ("FTC") filed an Ex Parte Motion for a Temporary Restraining Order ("TRO"), with an asset freeze, appointment of a temporary receiver, and other equitable relief, on August 8, 2023. It submitted its TRO Application under seal and asked that the Court issue an order granting its Application under seal for five business days or until service, whichever occurred first. (TRO App., ECF No. 5.) The Court issued the TRO on August 11, 2023; the Clerk of Court unsealed the TRO five business days later, on August 21. (TRO, ECF No. 8.)

　　　In accordance with Federal Rule of Civil Procedure ("Rule") 65(b)(2), the TRO expires 14 days after its issuance—today, August 25, 2023. On August 22, 2023, the FTC

moved, *ex parte*, for an extension of the TRO. (Ex Parte App. to Extend, ECF No. 9.) It notified counsel for Defendants and Relief Defendants twice of its intention to move for an extension before so moving. (*See id.* at 2:6–18.) On August 25, 2023, the parties filed a Joint Motion to extend the TRO through September 19, 2023. (Joint Mot., ECF No. 33.)

Rule 65(b)(2) provides, "Every temporary restraining order issued without notice . . . expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). Courts routinely find that good cause exists for an extension if the circumstances that supported the initial grant of the temporary restraining order have not meaningfully changed so as to justify a refusal to extend. *See, e.g.*, *Stryker Empl't Co., LLC v. Abbas*, No. 1:22-cv-531, 2022 WL 20515026, at *1 (W.D. Mich. June 14, 2022) (extending emergency temporary restraining order on the basis that plaintiffs "demonstrated that the circumstances justifying entry of the TRO in the first instance have not changed"); *Solis v. Hutcheson*, No. 1:12-cv-236-EJL, 2012 WL 12899086, at *2 (D. Idaho May 30, 2012) ("The Court finds based on the circumstances supporting the temporary restraining order still existing . . . [that] the temporary restraining order should be extended for good cause[.]"); *RA Glob. Servs., Inc. v. Apps*, No. 3:07-CV-1562-L, 2007 WL 9717686, at *1 (N.D. Tex. Sept. 20, 2007) (similar); *SEC v. One or More Purchasers of Call Options for Common Stock of CNS, Inc.*, Civ. No. 06-4540, 2006 WL 3004875, at *1 (E.D. Pa. Oct. 20, 2006) (similar).

The FTC has shown—and the Defendants and Relief Defendants concede through the Joint Motion—that there have been no factual developments since the Court issued the TRO that diminish the justifications underpinning entry of the TRO in the first instance. (*See* Ex Parte App. to Extend TRO, ECF No. 9; Status Report of Temporary Receiver ("Status Report"), ECF No. 29.) There are no new facts that alter this Court's initial finding that the FTC has a strong likelihood of succeeding on the merits of its case. Nor does it appear Defendants' customers—who are the victims of the scheme alleged in the Complaint—are any less likely to suffer irreparable harm absent the TRO now than on the

day the TRO entered.  Moreover, evidence proffered by the FTC demonstrates several Defendants' noncompliance with the TRO's mandatory discovery provisions, which further highlights the need for an extension.  (*See* Status Report at 5:11–16 (stating Defendants have, to "varying degrees," failed to comply with the TRO, namely by failing to produce any or all (1) "financial disclosures, business records, Documents and Assets" and (2) "access to logins, passcodes, [and] online accounts").)  Accordingly, good cause justifies an extension of the TRO.

Furthermore, although the requested extended TRO will span beyond the 14-day time limitation codified in Rule 65(b)(2), the Court still is within the bounds of that Rule 65(b)(2) to grant a lengthier extension because Defendants and Relief Defendants consent to it.  (*See* Joint Mot.); *see* Fed. R. Civ. P. 65(b)(2).

Accordingly, the Court **GRANTS** the Joint Motion (ECF No. 33), **EXTENDS** the TRO until <u>September 19, 2023</u>, and **TERMINATES AS MOOT** the FTC's Ex Parte Application (ECF No. 9) .

**IT IS SO ORDERED.**

**DATED: August 25, 2023**

Hon. Cynthia Bashant
United States District Judge