Colleen Robbins (New York Bar No. 2882710)
Christopher E. Brown (Virginia Bar No. 72765)
Frances L. Kern (Minnesota Bar No. 0395233)
Federal Trade Commission
600 Pennsylvania Ave., NW, CC-8528
Washington, DC 20580
(202) 326-2548; crobbins@ftc.gov
(202) 326-2825; cbrown3@ftc.gov
(202) 326-2393; fkern@ftc.gov
(202) 326-3395 (fax)

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> AUTOMATORS LLC, ET AL., <br><br> Defendants, <br><br> PEREGRINE WORLDWIDE, LLC, a Delaware limited liability company, <br><br> Relief Defendant. | Case No. 23-cv-1444-BAS-KSC <br><br> **Objection to Notice of Related Cases** |

Defendants Automators LLC and Stryder Holdings LLC have provided notice of a pending case – 22-cv-01944-DMS-BGS, *LCC Enterprises LLC, et al. v. Roman Cresto, an individual, John Cresto, an individual, and Stryder Holdings LLC, a California limited liability company* (the "Private Case") – arguing that the Private Case is related to this case under the Local Rules. (ECF No. 35). They request that this case be transferred to the judge presiding over the Private Case. *Id.*

1

Pursuant to Local Rule 40.1.e, Plaintiff Federal Trade Commission ("FTC") is objecting to Defendants' transfer request and provides the following detailed statement setting forth why the Private Case does not meet the definition of a related case.

Local Rule 40.1.e[1] states that an action or proceeding is related to another action or proceeding where both actions:

1. arise from the same or substantially identical transactions, happenings, or events;
2. involve the same or substantially the same parties or property;
3. involve the same patent or the same trademark;[2]
4. call for determination of the same or substantially identical questions of law;
5. involve a case that is refiled within one year of having previously been terminated by the Court;[3] or
6. involve substantial duplication of labor if heard by different judges.

As demonstrated below, the cases at issue meet none of the requirements applicable here (nos. 1, 2, 4, and 6).[4]

**A.   The Cases Do Not Arise from the Same or Substantially Identical Events or Call for a Determination of the Same or Substantially Identical Questions of Law**

The FTC's case is a consumer protection enforcement action alleging violations of federal law – the FTC Act, the FTC's Business Opportunity Rule, and the Consumer Review Fairness Act. The alleged violations center around Defendants' deceptive

---

[1] The Local Rules were revised on August 18, 2023, after the FTC filed this action, but before it filed this objection. The FTC analyzed the related case criteria prior to filing this action.
[2] This criterion is not relevant here.
[3] This criterion is not relevant here.
[4] Although these are not related cases as defined in the Local Rules, the FTC did notify the Court and Defendants of the Private Case in the FTC's Motion for a TRO (ECF No. 5-1). *See*, pp 1-2, 12-13, Footnote 1 and PX 15 (exhibit to TRO Motion). The FTC did so primarily because the Private Action involves some of the defendants in the FTC Action.

marketing and sale to thousands of consumers of business opportunities and coaching services, between February 2020 and the filing of this Action in August 2023.

The Private Case involves a private breach of contract dispute and other alleged violations, grounded in California law, with respect to alleged conduct that occurred around the November 2022 sale of a business previously owned by Defendants Roman and John Cresto to a third party. The business sold by the Crestos to the third party was previously engaged in the sale of business opportunities and coaching services to consumers.

The table below lists the different counts in each case:

| *The FTC Case (all counts relate to Defendants' marketing and sale of business opportunities and coaching services to numerous consumers)* | *The Private Case (all counts relate to a single private sale of a business)* |
|---|---|
|  | Fraud in the Inducement |
|  | Negligent Misrepresentations |
|  | Breach of Contract |
|  | Violation of California Business and Professions Code § 17200 |
| False or Unsubstantiated Earnings Claims in violation of Section 5 of the FTC Act |  |
| Misrepresentations Regarding Income or Profits in violation of the FTC's Business Opportunity Rule |  |
| Disclosure Document Violations in violation of the FTC's Business Opportunity Rule |  |
| Earnings Claims to Prospective Purchasers Violations in violation of the FTC's Business Opportunity Rule |  |
| General Media Earnings Claims Violations in violation of the FTC's Business Opportunity Rule |  |
| Industry, Financial, Earnings, or Performance Information Violations in |  |

| | |
|---|---|
| violation of the FTC's Business Opportunity Rule | |
| Violations of the Consumer Review Fairness Act | |
| Relief Defendant | |

### B. The Cases Do Not Involve Substantially the Same Parties

As demonstrated by the table below, while there are three defendants that overlap between the two cases, the plaintiffs do not overlap, and the FTC Case includes five additional defendants and a relief defendant:

| *The FTC Case* | *The Private Case* |
|---|---|
| | Plaintiff LCC Enterprises LLC |
| | Plaintiff Daniel Cohen |
| Plaintiff FTC | |
| Defendant Automators LLC | |
| Defendant Empire Ecommerce LLC | |
| Defendant Onyx Distribution LLC | |
| Defendant Stryder Holdings LLC | Defendant Stryder Holdings LLC |
| Defendant Roman Cresto | Defendant Roman Cresto |
| Defendant John Cresto | Defendant John Cresto |
| Defendant Andrew Chapman | |
| Defendant Pelenea Ventures LLC | |
| Relief Defendant Peregrine Worldwide, LLC | |

### C. The Cases Would Not Involve Substantial Duplication of Labor

The FTC Case and the Private Case would not involve substantial duplication of labor if heard by different judges because, as demonstrated above, none of the relevant

4

related case criteria are met here.  The two cases involve different questions of law and different parties.  Thus, for the foregoing reasons, the Court should deny Defendants' transfer request.

                                        Respectfully submitted,

Dated:  August 31, 2023               *Colleen Robbins*
                                        Colleen Robbins
                                        Christopher E. Brown
                                        Frances L. Kern
                                        Federal Trade Commission
                                        600 Pennsylvania Ave., NW, CC-8528
                                        Washington, DC 20580
                                        (202) 326-2548; crobbins@ftc.gov
                                        (202) 326-2825; cbrown3@ftc.gov
                                        (202)326-2391; fkern@ftc.gov
                                        (202) 326-3395 (fax)
                                        Attorneys for Plaintiff
                                        FEDERAL TRADE COMMISSION

# CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will cause a copy of the same to be served on the following parties entitled to service:

*/s/ Colleen Robbins*
Colleen Robbins

| | |
|---|---|
| Douglas Litvack<br>Jenner & Block LLP<br>1099 New York Avenue NW<br>Suite 900<br>Washington, DC 20001<br>202-637-6357<br>dlitvack@jenner.com<br><br>Kathleen Marcus<br>Stradling Yocca Carlson & Rauth<br>660 Newport Center Dr., Suite 1600<br>Newport Beach, CA 92660<br>949-725-4080<br>kmarcus@stradlinglaw.com<br><br>Jason Debretteville<br>Stradling Yocca Carlson & Rauth<br>660 Newport Center Dr., Suite 1600<br>Newport Beach, CA 92660<br>949-725-4094<br>jdebretteville@stradlinglaw.com<br><br>*Counsel for Defendants Pelenea Ventures LLC, Andrew Chapman and Relief Defendant, Peregrine Worldwide, LLC* | Colleen Robbins<br>Christopher E. Brown<br>Frances L. Kern<br>Federal Trade Commission<br>600 Pennsylvania Ave, NW, CC8528<br>Washington, DC 20580<br>(202) 326-2548; crobbins@ftc.gov<br>(202) 326-2825; cbrown3@ftc.gov<br>(202)326-2391; fkern@ftc.gov<br>(202) 326-3395 (fax)<br>(202) 326-3395 (fax)<br><br>*Attorneys for Plaintiff*<br>*Federal Trade Commission* |

6

Michael Zweiback
Zweiback, Fiset & Zalduendo
315 W. 9th Street, Suite 1200
Los Angeles, CA 90015
213-266-5171
Michael.zweiback@zfzlaw.com

Hannah Friedman
Zweiback, Fiset & Zalduendo
315 W. 9th Street, Suite 1200
Los Angeles, CA 90015
213-582-8403
Hannah.friedman@zfzlaw.com

*Counsel for Defendants Roman Cresto and John Cresto*

Eliot Krieger
SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, CA 92647
949-523-3333

*Counsel for Defendants Automators LLC and Stryder Holdings LLC*

Christopher Hawkins
600 B. Street, 17th Floor
San Diego, CA 92101
Hawkins@sullivanhill.com
619-595-3218

*Counsel for the Receiver*

Michael Dunn
66 West Flagler Street, Suite 400
Miami, Fl 33130
786-433-3866
Michael.dunn@dunnlawpa.com

*Assignee on behalf of Defendants Empire Ecommerce LLC and Onyx Distribution LLC*