# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>AUTOMATORS LLC, *et al.*,<br><br>　　　　　　　　　Defendants,<br><br><br>PEREGRINE WORLDWIDE, LLC,<br><br>　　　　　　　　Relief Defendant. | Case No. 23-cv-1444-BAS-LSC<br><br>**ORDER GRANTING MOTION TO EXTEND TIME TO ANSWER THE COMPLAINT**<br><br>**(ECF No. 41)** |

　　　Defendants Automators LLC, Stryder Holdings LLC, Pelenea Ventures LLC, Roman Cresto, John Cresto, and Andrew Chapman and Relief Defendant Peregrine Worldwide, LLC (collectively, the "Moving Defendants") move for an extension of time to answer the FTC's Complaint (ECF No. 1) until October 23, 2023 (Mot., ECF No. 41). They claim an extension is needed to "give [Moving] Defendants' counsel sufficient time to investigate the facts, so they can properly evaluate the FTC[']s claims," and to "explore an early resolution to this case with the FTC."  (Mot. ¶ 4.)  Furthermore, Moving Defendants aver an extension also would enhance efficient case management because it would align the Moving Defendants' answer date with that of Defendants Empire

Ecommerce LLC and Onyx Distribution LLC. (*Id.* ¶ 3.) This is Moving Defendants' first request for an extension.

Notwithstanding the FTC's apparent unwillingness to agree to the full proposed extension,[1] the reasons proffered by Moving Defendants in support of an extension support a finding of "good cause." *See* Fed. R. Civ. P. 6(b)(1)(a) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]"); *cf. Cook v. Kernan*, No. C 15-6343 WHA, 2016 WL 6143037, at *1 (N.D. Cal. Oct. 21, 2016) (granting request for an extension of time to permit "counsel to familiarize themselves with the many facts and legal questions at issue"); *Grand & Elm Props., LP v. Cellular Sales of Cal., LLC*, No. LA CV21-7357 JAK (GJSx), 2022 WL 3012826, at *1 (C.D. Cal. Jan. 12, 2022) (finding good cause where retroactive extension of time served "the interest of judicial and party efficiency"). The Court also finds significant that the FTC's temporary restraining order ("TRO") is in place until September 19, 2023, and that the FTC has moved to convert the TRO into a Preliminary Injunction ("P.I."). (*See* ECF Nos. 5, 8, 34.) The emergency relief that the FTC has obtained and the additional relief it seeks serve as a bulwark against any prejudice that might befall the FTC and Defendants' consumers from a modest extension of the Moving Defendants' answer deadline. *Cf. Navarette v. Poly W. Inc.*, No. 2:18-cv-1805-GMN-NJK, 2020 WL 13535369, at *3 (D. Nev. Jan. 23, 2020) (finding good cause to extend where request was movant's first and there did not exist any apparent prejudice).

Accordingly, the Court **GRANTS** the Moving Defendants' request and **ORDERS** them to respond to the Complaint **by no later than <u>October 23, 2023</u>**. (ECF No. 41.)

**IT IS SO ORDERED.**

**DATED: September 6, 2023**

Hon. Cynthia Bashant
United States District Judge

---

[1] Moving Defendants met and conferred with the FTC on August 29, 2023, during which "the FTC would only agree to extend the response date to September 22. (Mot. at p. 1 n.1.)