**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>                                        Plaintiff,<br><br>    v.<br><br>AUTOMATORS LLC, *et al.*,<br><br>                                        Defendants,<br><br><br>PEREGRINE WORLDWIDE, LLC,<br><br>                                        Relief Defendant. | Case No. 23-cv-1444-BAS-LSC<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO ENTER STIPULATED PRELIMINARY INJUNCTION (ECF No. 47); and**<br><br>**(2) VACATING PRELIMINARY INJUNCTION HEARING** |

On August 8, 2023, Plaintiff, the Federal Trade Commission ("FTC"), filed its Complaint for Permanent Injunction, Monetary Relief, and Other Relief under Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b, the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" ("Business Opportunity Rule"), 16 C.F.R. Part 437, as amended, the Consumer Review Fairness Act of 2016 ("CRFA"), 15 U.S.C. § 45b (Docket No. 1), and moved, under Fed. R. Civ. P. 65(b), for a temporary restraining order, asset freeze, other equitable relief, and an order to show cause why a preliminary injunction

should not issue against Defendants and Relief Defendant.  (TRO App., ECF No. 5-1.)  The Court issued an *ex parte* Temporary Restraining Order against Defendants and Relief Defendant on August 11, 2023, which includes an asset freeze, appointment of a temporary receiver over the Receivership Entities (as defined below), and other equitable relief (Docket No. 8).

On September 8, 2023, the FTC moved jointly with Automators LLC, also d/b/a Automators AI and Ecom Skool; Empire Ecommerce LLC; Onyx Distribution LLC; Stryder Holdings LLC; Pelenea Ventures LLC; Roman Cresto; John Cresto; and Andrew Chapman (referred to above, collectively, as "Defendants"); and Peregrine Worldwide, LLC (referred to above as "Relief Defendant") for the entry of a preliminary injunction ("P.I.") as to Defendants and Relief Defendant.  (ECF No. 47.)

## **LEGAL STANDARD**

A preliminary injunction generally is considered "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  To obtain a preliminary injunction, the movant must show:  (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the movant in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. 7 at 20.  When the government is a party, the final two factors merge into a single inquiry.  *Drakes Bay Oyster Co. v. Howell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

## **BACKGROUND AND FINDINGS**

The FTC filed a substantial volume of declarations and exhibits in support of its TRO Application, in addition to detailed allegations in its Complaint.  (*See* ECF Nos. 5-2 to 5-24.)   The Court reviewed those materials in connection with the FTC's TRO Application, and granted the FTC's request on that basis.  (ECF No. 8.)  The P.I. that the parties seek by their Joint Motion also is premised largely upon those materials.  (*See* ECF

No. 47.)  Based on those materials, and the Joint Motion itself, the Court makes the ensuing findings for the limited purpose of the instant P.I. only.

A.     This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

B.     Defendants and Relief Defendant consent to the entry of this Stipulated Preliminary Injunction, but reserve all rights to contest or challenge the authority of the FTC to seek and this Court to award any further relief sought by the FTC.

C.     The FTC alleges that there is good cause to believe that Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the Business Opportunity Rule, and the CRFA and that the FTC is therefore likely to prevail on the merits of this action.

D.     The FTC alleges that there is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act, the Business Opportunity Rule, and the CRFA unless Defendants continue to be restrained and enjoined by order of this Court.

E.     The FTC alleges that there is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers – including monetary restitution, rescission, or refunds – will occur from the sale, transfer, destruction or other disposition or concealment by Defendants or Relief Defendants of their assets or records, unless Defendants and Relief Defendants continue to be restrained and enjoined by order of this Court.

F.     The FTC alleges that good cause exists for the Court to order: (1) the continued appointment of a Receiver over the Receivership Entities; (2) an asset freeze over all the assets of the Defendants; and (3) the ancillary relief described below.

G.     This Order is in the public interest.

H.     This Court has authority to issue this Order pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b; Fed. R. Civ. P. 65; and the All Writs Act, 28 U.S.C. § 1651.

I.     No security is required of any agency of the United States for issuance of a temporary restraining order. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.     "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B.     "**Assisting Others**" includes the following:

1. performing customer service functions, including receiving or responding to consumer complaints;

2. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

3. formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

4. providing names of, or assisting in the generation of, potential customers;

5. performing marketing, billing, payment processing, or payment services of any kind; or

6. acting or serving as an owner, officer, director, manager, or principal of any entity.

C.     "**Corporate Defendants**" means Automators LLC, also d/b/a Automators AI and Ecom Skool; Empire Ecommerce LLC; Onyx Distribution LLC; Stryder Holdings

LLC; Pelenea Ventures LLC, and each of their subsidiaries, affiliates, successors, and assigns.

D.     "**Defendants**" means the Corporate Defendants and the Individual Defendants, individually, collectively, or in any combination.

E.     "**Defendants' Products**" means products and services offered by Defendants, including Defendants' own products and services, and products and services of third parties for whom Defendants advertise.

F.     "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

G.     "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud-based" electronic storage.

H.     "**Earnings Claim(s)**" means any oral, written, or visual representation to a consumer, prospective purchaser, or investor that conveys, expressly or by implication, a specific level or range of actual or potential sales, or gross or net income or profits, revenues, financial gains, percentage gains, or return on investment. Earnings Claims

include, but are not limited to: (1) any chart, table, or mathematical calculation that demonstrates possible results based upon a combination of variables; (2) any statements from which a consumer, prospective purchaser, or investor can reasonably infer that he or she will earn a minimum level of income (e.g., "earn enough money to buy a Porsche," "earn a six-figure income," or "earn your investment back within one year"); (3) references to quitting one's job, not having to work, or living off income from online sales; (4) references to increased purchases or savings, including a home, cars, boats, vacations, or travel; (5) any statements, claims, success stories, endorsements, or testimonials about the performance or profitability of representatives, endorsers, instructors or customers; and (6) any representation, even hypothetical, of how much money a consumer could or would earn.

I.     "**General Media**" means all print, electronic, internet, social networking, radio, and other media outlets.

J.     "**Individual Defendant(s)**" means Roman Cresto; John Cresto; and Andrew Chapman, individually, collectively, or in any combination.

K.     "**Person**" means any natural person or any entity, corporation, partnership, or association of persons.

L.     "**Receiver**" means the temporary receiver appointed in Section XI of this Order and any deputy receivers that shall be named by the temporary receiver.

M.     "**Receivership Entities**" means Corporate Defendants and Relief Defendant, as well as any other entity that has conducted any business related to the marketing or sale of Defendants' Products, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

N.     "**Relief Defendant**" means Peregrine Worldwide, LLC and each of its subsidiaries, affiliates, and assigns.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ORDER

## I.    PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants, Defendants' officers, agents, affiliate marketers, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are preliminarily restrained and enjoined from:

A.     Making any Earnings Claims or Assisting Others in making any Earnings Claims, unless the Earnings Claim is non-misleading, and, at the time the Earnings Claims are made, Defendants (1) have a reasonable basis for the claim; (2) have in their possession written materials that substantiate the claimed earnings and that the claimed earnings are typical for consumers similarly situated to those to whom the claim is made; and (3) make the written substantiation for Earnings Claims available upon request to the consumer, potential purchaser or investor, the Receiver, and the FTC;

B.     Failing to provide any consumer, potential purchaser, or investor with disclosure documents in the form and manner required by 16 C.F.R. §§ 437.2, 437.3(a)(1)-(5), and 437.4;

C.     Misrepresenting or Assisting Others in misrepresenting, expressly or by implication, that Defendants' Products:

1.  will allow purchasers to earn a specific level or range of actual or potential sales, or gross or net income or profits, revenues, financial gains, percentage gains, or return on investment with little to no effort on their part; and

2.  will use Artificial Intelligence (AI) machine-learning to maximize revenues;

D.     Making or Assisting Others in making false or unsubstantiated testimonials about Defendants, Defendants' Products, or companies advertised by Defendants, or failing to disclose that positive reviews of, and testimonials about, Defendants, Defendants'

Products, or companies advertised by Defendants, have been from Corporate Defendants' owners, officers, employees, affiliate marketers or agents;

E.      Misrepresenting or Assisting Others in misrepresenting, expressly or by implication, any other material fact concerning Defendants' Products, such as: the total costs; the amount of time necessary to achieve the represented results; any material restrictions, limitations, or conditions; any material aspect of their performance, efficacy, nature, or central characteristics; or any material aspect of the nature or terms of the refund, cancellation, exchange, repurchase, or remedy policies; and

F.      Prohibiting or restricting any consumer, potential purchaser, or investor from communicating reviews, performance assessments, and similar analyses about Defendants' Products or the conduct of Defendants or companies advertised by Defendants related thereto; or that impose a penalty or fee against any consumer, potential purchaser, or investor who engages in such communications.

## II.      PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, affiliate marketers, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A.      Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any Person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B.      Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any Person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

Provided, however, that Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

### III.   ASSET FREEZE

IT IS FURTHER ORDERED that Defendants and Relief Defendant, Defendants' and Relief Defendant's officers, agents, affiliate marketers, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A.     Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

1.     owned or controlled, directly or indirectly, by any Defendant or Relief Defendant;

2.     held, in part or in whole, for the benefit of any Defendant or Relief Defendant;

3.     in the actual or constructive possession of any Defendant or Relief Defendant; or

4.     owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant or Relief Defendant.

B.     Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant or Relief Defendant or

subject to access by any Defendant or Relief Defendant, except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order;

C. Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or Relief Defendant or of which any Defendant or Relief Defendant is an officer, director, member, or manager. This includes any corporate bankcard or corporate credit card account for which any Defendant or Relief Defendant is, or was on the date that this Order was signed, an authorized signor; or

D. Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant or Relief Defendant related to any activity that is the subject of the Complaint in this matter or that is prohibited by this Order.

E. The Assets affected by this Section shall include: (1) all Assets of Defendants and Relief Defendant as of the date the Temporary Restraining Order in this matter was entered; and (2) Assets obtained by Defendants or Relief Defendant after the date the Temporary Restraining Order in this matter was entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order. This Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this Order.

F. Defendants and Relief Defendant reserve their right to petition the Court for relief from the asset freeze for reasonable living expenses.

## IV. DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

IT IS FURTHER ORDERED that credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, third party automation fulfillment company advertised by Corporate Defendants, business entity, or Person who receives actual notice of this Order (by service or otherwise) that:

(a) has held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of any Defendant or Relief Defendant or any asset that has been owned or controlled, directly or indirectly, by any Defendant or Relief Defendant; held, in part or in whole, for the benefit of any Defendant or Relief Defendant; in the actual or constructive possession of any Defendant or Relief Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant or Relief Defendant;

(b) has held, controlled, or maintained custody, through an account or otherwise, of any Document or asset associated with credits, debits, or charges made on behalf of any Defendant or Relief Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities; or

(c) has extended credit to any Defendant or Relief Defendant, including through a credit card account, shall:

A. Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets except by further order of this Court; provided, however, that this provision does not prohibit an Individual Defendant from incurring charges on a personal credit card established prior to entry of this Order;

B. Deny any Person, except the Receiver, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Defendant or Relief Defendant, either individually or jointly, or otherwise subject to access by any Defendant or Relief Defendant;

C. If they have not done so already, provide FTC's counsel and the Receiver, within three (3) days of receiving a copy of this Order, a sworn statement setting forth, for each asset or account covered by this Section:

1      1.   The identification number of each such account or Asset;

2      2.   The balance of each such account, or a description of the nature and value of
each such asset as of the close of business on the day on which this Order is served,
and, if the account or other Asset has been closed or removed, the date closed or
removed, the total funds removed in order to close the account, and the name of the
Person or entity to whom such account or other asset was remitted; and

3      3.   The identification of any safe deposit box, commercial mailbox, or storage
facility that is either titled in the name, individually or jointly, of any Defendant or
Relief Defendant, or is otherwise subject to access by any Defendant or Relief
Defendant; and

D.      If they have not done so already, upon the request of FTC's counsel or the
Receiver, promptly provide FTC's counsel and the Receiver with copies of all records or
other Documents pertaining to any account or Asset covered by this Section, including
originals or copies of account applications, account statements, signature cards, checks,
drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire
transfer instructions, all other debit and credit instruments or slips, currency transaction
reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial
mail boxes, and storage facilities. Provided, however, that this Section does not prohibit
any transfers to the Receiver or repatriation of foreign Assets specifically required by this
Order.

E.      The Assets affected by this Section shall include: (1) all Assets of Defendants
and Relief Defendant as of the date the Temporary Restraining Order in this matter was
entered; and (2) Assets obtained by Defendants or Relief Defendant after the date the
Temporary Restraining Order in this matter was entered if those Assets are derived from
any activity that is the subject of the Complaint in this matter or that is prohibited by this
Order. This Section does not prohibit any transfers to the Receiver or repatriation of foreign
Assets specifically required by this Order.

## V.   FINANCIAL DISCLOSURES

IT IS FURTHER ORDERED that any Defendant and Relief Defendant who has not yet provided completed financial statements to the FTC in accordance with this Section, within five (5) days of service of this Order upon them, shall prepare and deliver to FTC's counsel and the Receiver:

A.   completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for each Individual Defendant, and **Attachment B** (Financial Statement of Corporate Defendant) for each Corporate Defendant or Relief Defendant; and

B.   completed **Attachment C** (IRS Form 4506, Request for Copy of a Tax Return) for each Individual and Corporate Defendant.

## VI.   FOREIGN ASSET REPATRIATION

IT IS FURTHER ORDERED that, to the extent not completed by the date of this Order, within five (5) days following the service of this Order, each Defendant and the Relief Defendant shall:

A.   Provide FTC's counsel and the Receiver with a full accounting, verified under oath and accurate as of the date of this Order, of all assets, Documents, and accounts outside of the United States which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any Person for the benefit of any Defendant or Relief Defendant or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Defendant or Relief Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant or Relief Defendant;

B.   Take all steps necessary to provide FTC's counsel and the Receiver with access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to Release of Financial Records appended to this Order as **Attachment D**.

C.      Transfer to the territory of the United States all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Defendant or Relief Defendant; (2) held by any Person or entity for the benefit of any Defendant or Relief Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant or Relief Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant or Relief Defendant; and

D.      The same business day as any repatriation, (1) notify the Receiver and counsel for FTC of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## VII.    NON-INTERFERENCE WITH REPATRIATION

IT IS FURTHER ORDERED that Defendants and Relief Defendant, Defendants' and Relief Defendant's agents, affiliate marketers, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A.      Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that Defendants' and Relief Defendant's Assets have been fully repatriated pursuant to this Order; or

B.      Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that Defendants' and Relief Defendant's Assets have been fully repatriated pursuant to this Order.

## VIII.  CONSUMER CREDIT REPORTS

IT IS FURTHER ORDERED that the FTC and the Receiver may obtain credit reports concerning any Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to the FTC.

## IX.    PRESERVATION OF RECORDS

IT IS FURTHER ORDERED that Defendants and the Relief Defendant, Defendants' and the Relief Defendant's officers, agents, affiliate marketers, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A.    Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to:  (1) the business, business practices, Assets, or business or personal finances of any Defendant or Relief Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant or Relief Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant or Relief Defendant; and

B.    Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' or Relief Defendant's incomes, disbursements, transactions, and use of Defendants' or Relief Defendant's Assets.

## X.    REPORT OF NEW BUSINESS ACTIVITY

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, affiliate marketers, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship,

limited liability company, or corporation, without first providing the FTC's counsel and the Receiver with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XI.   APPOINTMENT OF RECEIVER

IT IS FURTHER ORDERED that Stapleton Group, Inc. is appointed as Receiver of the Receivership Entities with full powers of an equity receiver. The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.

## XII.  DUTIES AND AUTHORITY OF RECEIVER

IT IS FURTHER ORDERED that the Receiver is directed and authorized to accomplish the following:

A.     Assume full control of Receivership Entities by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any Receivership Entity from control of, management of, or participation in, the affairs of the Receivership Entity;

B.     Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

C.     Take exclusive custody, control, and possession of all Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

D.     Conserve, hold, manage, and prevent the loss of all Assets of the Receivership Entities, and perform all acts necessary or advisable to preserve the value of those Assets. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Entities.  The Receiver shall

have full power to sue for, collect, and receive, all Assets of the Receivership Entities and of other persons or entities whose interests are now under the direction, possession, custody, or control of, the Receivership Entities.  *Provided*, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

E.     Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Receivership Entities, and perform all acts necessary or advisable to preserve such Documents.  The Receiver shall:  divert mail; preserve all Documents of the Receivership Entities that are accessible via electronic means (such as online access to financial accounts and access to electronic documents held onsite or by Electronic Data Hosts, by changing usernames, passwords, or other log-in credentials); take possession of all electronic Documents of the Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of obtaining electronic documents stored onsite or remotely;

F.     Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists without further order of the Court, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

G.     Make payments and disbursements from the Receivership Entities that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Receiver.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Entities prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Entities, such as rental payments;

H.      Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Entities operate their businesses. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable:  (1) securing the location by changing the locks and alarm codes and disconnecting any internet access or other means of access to the computers, servers, internal networks, or other records maintained at that location; and (2) requiring any persons present at the location to leave the premises, to provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Entities.  Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security. If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

I.      Take all steps necessary to prevent the modification, destruction, or erasure of any web page or website registered to and operated, in whole or in part, by any Defendant, related to any activity that is the subject of the Complaint in this matter or that is prohibited by this Order, and to provide access to all such web page or websites to the FTC's representatives, agents, and assistants, as well as Defendants and their representatives;

J.      Enter into and cancel contracts and purchase insurance as advisable or necessary;

K.      Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Entities;

L.      Make an accounting, as soon as practicable, of the Assets and financial condition of the Receivership Entities and file the accounting with the Court and deliver copies thereof to all parties;

M.     Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Entities, or to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

N.     Issue subpoenas to obtain Documents and records pertaining to the Receivership Entities, and conduct discovery in this action on behalf of the Receivership Entities, in addition to obtaining other discovery as set forth in this Order;

O.     Open one or more bank accounts at designated depositories for funds of the Receivership Entities.  The Receiver shall deposit all funds of the Receivership Entities in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts.  The Receiver shall serve copies of monthly account statements on all parties;

P.     Maintain accurate records of all receipts and expenditures incurred as Receiver;

Q.     Allow the FTC's representatives, agents, and assistants, as well as Defendants' representatives and Defendants themselves, reasonable access to the premises of the Receivership Entities, or any other premises where the Receivership Entities conduct business.  The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Receivership Entities or their agents.  The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access;

R.     Allow the FTC's representatives, agents, and assistants, as well as Defendants and their representatives, reasonable access to all Documents in the possession, custody, or control of the Receivership Entities;

S.     Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

T.      Suspend business operations of the Receivership Entities if in the judgment of the Receiver such operations cannot be continued legally and profitably;

U.      If the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court.  *Provided*, however, that the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its assets and records, if the Receiver determines that notice to the entity or the parties before the Receiver establishes control over the entity may result in the destruction of records, dissipation of assets, or any other obstruction of the Receiver's control of the entity;

V.      If in the Receiver's judgment the business operations cannot be continued legally and profitably, take all steps necessary to ensure that any of the Receivership Entities' web pages or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or are modified for consumer education and/or informational purposes, and take all steps necessary to ensure that any telephone numbers associated with the Receivership Entities cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations; and

W.      Prepare a written report at or before any hearing described in Paragraph XXVI, that describes (1) the steps taken by the Receiver to implement the terms of the Order; (2) the value of all assets and sum of all liabilities of the Receivership Entities; (3) the steps the Receiver intends to take in the future to protect receivership assets, recover receivership assets from third parties, and adjust receivership liabilities; (4) the Receiver's opinion on whether any portion of the business of any of the Receivership Entities can continue to operate legally and profitably; and (5) any other matters which the Receiver believes should be brought to the Court's attention.

## XIII.  TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

IT IS FURTHER ORDERED that Defendants and the Relief Defendant and any other person, with possession, custody or control of property of, or records relating to, the Receivership Entities shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A.     All Assets held by or for the benefit of the Receivership Entities;

B.     All Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities, and commission payments and funds held by third party Amazon Automation companies;

C.     All Documents of or pertaining to the Receivership Entities; including all communications occurring via electronic mail, electronic messaging service, or encrypted messaging service (including but not limited to Signal, Discord, Slack, or WhatsApp);

D.     All computers, electronic devices, mobile devices and machines used to conduct the business of the Receivership Entities; even if such computers, electronic devices, mobile devices, and machines are also used for non-business purposes;

E.     All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities, including third party automation fulfillment companies; and

F.     All keys, codes, user names, and passwords necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, encrypted messaging services, or other property.

In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

## XIV.  PROVISION OF INFORMATION TO RECEIVER

IT IS FURTHER ORDERED that Defendants and the Relief Defendant shall immediately provide to the Receiver:

A.    A list of all Documents pertaining to the Receivership Entities' Earnings Claims and other representations related to the marketing, advertising, promotion, offer for sale, or sale of Defendants' Products, including any such Documents belonging to other persons or entities whose interests are under the direction, custody, or control, or in the possession, of the Receivership Entities;

B.    A list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any person or entity other than a Receivership Entity;

C.    A list of all agents, affiliate marketers, employees, officers, attorneys, servants, and those persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

D.    A description of any documents covered by attorney-client privilege or attorney work product, including files where such documents are likely to be located, authors or recipients of such documents, and search terms likely to identify such electronic documents.

## XV.  COOPERATION WITH THE RECEIVER

IT IS FURTHER ORDERED that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, affiliate marketers, employees, and attorneys, all other persons in active concert or participation with any of them, and any other person with possession, custody, or control of property or records relating to the Receivership Entities who receive actual notice of this Order shall fully cooperate with and assist the Receiver.

This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names, and passwords required to access any computers, electronic devices, mobile devices, and machines (onsite or remotely) and any cloud account (including specific method to access account) or electronic file in any medium; advising all persons who owe money to any Receivership Entity (including third party automation fulfillment companies) that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets, sales, and refunds of the Receivership Entities.

## XVI.  NON-INTERFERENCE WITH THE RECEIVER

IT IS FURTHER ORDERED that Defendants, Receivership Entities, Defendants' or Receivership Entities' officers, agents, affiliate marketers, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and any other person served with a copy of this Order, are hereby restrained and enjoined from directly or indirectly:

A.     Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B.     Transacting any of the business of the Receivership Entities;

C.     Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

D.     Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XVII.  STAY OF ACTIONS

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of the receivership ordered herein, Defendants and Relief Defendant,

Defendants' and Relief Defendants' officers, agents, affiliate marketers, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants or Relief Defendant, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including, but not limited to:

A.    Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Receivership Entities;

B.    Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations; or

C.    Filing or enforcing any lien on any asset of the Receivership Entities, taking or attempting to take possession, custody, or control of any Asset of the Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise.

*Provided*, however, that this Order does not stay:   (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XVIII.  COMPENSATION OF RECEIVER

IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XIX.  RECEIVER'S BOND

IT IS FURTHER ORDERED that the Receiver shall file with the Clerk of this Court a bond in the sum of $25,000 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## XX.  DISTRIBUTION OF ORDER BY DEFENDANTS

IT IS FURTHER ORDERED that Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, and provide the FTC and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone numbers, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other

persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXI. SERVICE OF THIS ORDER

IT IS FURTHER ORDERED that copies of this Order as well as the Motion for Temporary Restraining Order and all other pleadings, Documents, and exhibits filed contemporaneously with that Motion (other than the complaint and summons), may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of the FTC, by any law enforcement agency, or by private process server, upon any Defendant, Relief Defendant, or any Person (including any financial institution) that may have possession, custody or control of any Asset or Document of any Defendant or Relief Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure.  For purposes of this Section, service upon any branch, subsidiary, affiliate, or office of any entity shall effect service upon the entire entity.

## XXII.  CORRESPONDENCE AND SERVICE ON FTC

IT IS FURTHER ORDERED that, for the purpose of this Order, all correspondence and service of pleadings on the FTC shall be done via email to:  Colleen Robbins at crobbins@ftc.gov Christopher E. Brown at cbrown3@ftc.gov.

## XXIII.  DURATION OF THE ORDER

This Order shall remain in effect until further order of the Court.

## XXIV. SEPTEMBER 19, 2023 HEARING

The issue of whether a P.I. should be instituted having been resolved, the Court **VACATES** the Hearing scheduled for September 19, 2023.

**IT IS SO ORDERED.**

DATED: September 8, 2023

Hon. Cynthia Bashant
United States District Judge