Michael Zweiback (SBN 143549)
Hannah Friedman (SBN 324771)
ZWEIBACK, FISET & ZALDUENDO LLP
315 W. 9th Street, Suite 1200
Los Angeles, California 90015
Telephone: (213) 266-5170
michael.zweiback@zfzlaw.com
hannah.friedman@zfzlaw.com

Attorneys for Defendants
JOHN CRESTO and ROMAN CRESTO

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                    Plaintiff,<br><br>v.<br><br>AUTOMATORS LLC, et al.<br><br>                    Defendants. | Case No. 23-cv-1444-BAS-KSC<br><br>**DEFENDANTS JOHN CRESTO AND ROMAN CRESTO'S ANSWER TO COMPLAINT** |

Defendants JOHN CRESTO ("John") and ROMAN CRESTO ("Roman") (together, "Defendants"), on information and belief, hereby answer the Complaint of Plaintiff FEDERAL TRADE COMMISSION ("FTC") as follows:

## SUMMARY OF THE CASE

1.     The allegations in this paragraph contain legal conclusions and argument to which no response is required.  To the extent any answer is required, Defendants deny such legal conclusions and argument.[1]

2.     The allegations in this paragraph contain legal conclusions and argument to which no response is required.  To the extent any answer is required, Defendants deny such legal conclusions and argument.

3.     The allegations in this paragraph contain legal conclusions and argument to which no response is required.  To the extent any answer is required, Defendants deny such legal conclusions and argument.

4.     Denied.

5.     Defendants admit that Empire LLC offered services for ecommerce stores. As to the remaining allegations in this paragraph: deny.

6.     Defendants lack sufficient knowledge or information to admit or deny the allegations in the second sentence of this paragraph, and on that basis, deny.  As to the remaining allegations in this paragraph: deny.

7.     Roman admits that he claimed to coach consumers to use ChatGPT to create customer service scripts.  John denies that he claimed to coach consumers to use ChatGPT to create customer service scripts.  Defendants lack sufficient information to admit or deny any facts concerning Empire LLC and Onyx after November 11, 2022.  As

---

[1] Defendants lack sufficient information to admit or deny any facts concerning Empire LLC ("Empire LLC") and Onyx Distribution LLC ("Onyx") after November 11, 2022.

DEFENDANTS JOHN CRESTO AND ROMAN CRESTO'S ANSWER TO THE COMPLAINT

to the remaining factual allegations in this paragraph: deny.  The remaining allegations in this paragraph contain legal conclusions and argument to which no response is required.

## JURISDICTION AND VENUE

8.      The allegations in this paragraph contain legal conclusions and argument, not factual allegations, and therefore do not require a response.  To the extent a response is required, Defendants admit the factual allegations.

9.      The allegations in this paragraph contain legal conclusions and argument, not factual allegations, and therefore do not require a response.  To the extent a response is required, Defendants admit the factual allegations.

## PLAINTIFF

10.     Defendants admit the factual allegations in this paragraph.  The remaining allegations in this paragraph contain legal conclusion, not factual allegations, and therefore do not require a response.  To the extent a response is required, deny.

## DEFENDANTS

11.     The allegations in this paragraph contain legal conclusions and argument to which no response is required.  To the extent any answer is required, Defendants deny such legal conclusions and argument.

### *Corporate Defendants*

12.     Defendants admit that Automators LLC ("Automators"), also doing business as Automators AI and Ecom Skool, is a Nevada limited liability company with its principal place of business at 2300 W. Sahara Ave., Suite 800, Las Vegas, Nevada 89102.  Defendants admit that Automators sold coaching services and received payments for those services in their corporate account.  Defendants otherwise deny the factual allegations in this paragraph.  The remaining allegations in this paragraph contain legal conclusions and argument to which no response is required.  To the extent any answer is required, Defendants deny such legal conclusions and argument.

DEFENDANTS JOHN CRESTO AND ROMAN CRESTO'S ANSWER TO THE COMPLAINT

13.     Defendants admit that Empire LLC is or was a California limited liability company with its previous principal place of business at 8605 Santa Monica Blvd., #51976, West Hollywood, California 90069.  Defendants otherwise deny the factual allegations in this paragraph.  The remaining allegations in this paragraph contain legal conclusions and argument to which no response is required.  To the extent any answer is required, Defendants deny such legal conclusions and argument.

14.     Defendants admit that Onyx LLC is or was a California limited liability company with its previous principal place of business at 16518 Newcomb Street, San Diego, California 92127.  Defendants otherwise deny the factual allegations in this paragraph.  The remaining allegations in this paragraph contain legal conclusions and argument to which no response is required.  To the extent any answer is required, Defendants deny such legal conclusions and argument.

15.     Defendants admit that Stryder Holdings LLC ("Stryder") is a California limited liability company with its principal place of business at 1150 Garden View Road, Suite 230367, Encinitas, California 92024.  Defendants deny that Stryder is the 100 percent owner of Onyx and Empire, effective November 11, 2022.  Defendants otherwise deny the allegations in this paragraph.  The remaining allegations in this paragraph contain legal conclusions and argument to which no response is required.  To the extent any answer is required, Defendants deny such legal conclusions and argument.

16.     Defendants admit the allegations in the first sentence of this paragraph. Defendants otherwise deny the allegations in this paragraph.

*Individual Defendants*

17.     Defendants admit Roman was the CEO of Empire LLC and Onyx until November 11, 2022, and that he is a co-owner of Stryder. Defendants admit that Roman became the 100 percent owner of Automators effective November 11, 2022.  Defendants admit that Roman is a signatory on the Automators bank account and deny that he is a signatory on the bank accounts for Empire LLC, Onyx and Stryder.  Defendants admit

4

that Roman narrated marketing videos for Empire LLC and Automators, but deny that the videos use false or unsubstantiated earnings claims. Defendants admit that Roman executed consumer contracts and termination agreements on behalf of Empire LLC and Onyx. Defendants admit that Roman resides in San Diego County, California, and transacts business in this district and in the United States. Defendants admit that Roman asked consumers to sign agreements including a non-disparagement clause. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis deny the allegations.

18.   Defendants admit that John was the Chief Growth Officer of Empire LLC. Defendants admit that John is a co-owner of Stryder. Defendants admit that John narrated marketing advertisements for Empire LLC and Automators, but deny that the advertisements use false or unsubstantiated earnings claims. Defendants admit that John resides in San Diego County, California, and transacts business in this district and in the United States. As to the remaining allegations in this paragraph, deny.

19.   Defendants admit that Andrew Chapman was an interim Chief Financial Officer of Empire LLC and Onyx.  Defendants admit that Chapman resides in San Diego County, California, and transacts business in this district and in the United States. Defendants otherwise lack information as to the remaining allegations in this paragraph, and on that basis deny.

*Relief Defendant*

20.   Defendants admit that Peregrine is a Delaware limited liability company with its principal place of business at 4560 Gaviota, Rancho Santa Fe, California, 92067, but Defendants otherwise deny the allegations in this paragraph.

## COMMON ENTERPRISE

21.   Defendants admit that Empire LLC and Onyx operated through Stryder, and that they sold Empire LLC and Onyx to a third party. Defendants deny the remaining allegations in this paragraph.

DEFENDANTS JOHN CRESTO AND ROMAN CRESTO'S ANSWER TO THE COMPLAINT

22. Denied.

23. Denied.

24. The allegations in this paragraph contain legal conclusions and argument, not factual allegations, and therefore do not require a response. To the extent a response is required, deny.

## COMMERCE

25.  The allegations in this paragraph contain legal conclusions and argument, not factual allegations, and therefore do not require a response. To the extent a response is required, admit.

## DEFENDANTS' BUSINESS ACTIVITIES
### *The Empire Business Opportunity Scheme*
*Deceptive Marketing Rife with Lavish Earnings Claims*

26. Defendants admit that Roman and John advertised, marketed, promoted and sold ecommerce services to consumers throughout the United States through Empire LLC and Onyx (collectively "Empire"). Defendants admit that Roman and John advertised through Instagram. Defendants deny the remaining allegations in this paragraph.

27. Defendants admit that Roman and John promoted themselves as ecommerce experts with experience scaling third-party seller stores. Defendants deny the remaining allegations in this paragraph.

28. Defendants admit the allegations in this paragraph.

29. Defendants admit that the website contained the quoted testimonial. Defendants deny the remaining allegations in this paragraph.

30. Defendants admit that Baldus-Strauss was an Empire affiliate; had an Amazon store that was suspended; referred clients to Empire; and received commission fees. Defendants lack information as to the remaining allegations in this paragraph pertaining to Baldus-Strauss, and on that basis deny. Defendants deny the remaining allegations in this paragraph.

DEFENDANTS JOHN CRESTO AND ROMAN CRESTO'S ANSWER TO THE COMPLAINT

31.     The contents of any marketing materials speak for themselves. Defendants deny the remaining allegations in this paragraph.

32.     Defendants admit that prospective clients typically spoke with John. Defendants admit that Empire offered services for ecommerce stores; that the services typically cost between $10,000 to $125,000; that they represented some Empire-managed stores had monthly profit margins between 8 and 20 percent; and that Empire used "AI machine learning." Defendants deny the remaining allegations in this paragraph.

33.     Defendants admit that John also emailed prospective purchasers links to positive reviews from actual clients and a slide deck posted on Empire's website describing Empire's services for ecommerce stores. As to the remaining allegations,  the contents of any marketing materials speak for themselves.

34.     Defendants admit that Empire offered services for both new and "aged" ecommerce stores. As to the allegations related to the marketing materials, the contents of any marketing materials speak for themselves. Defendants deny the remaining allegations in this paragraph.

35.     Defendants admit the allegations in this paragraph, except as to the alleged date of February 2020, which they deny.

36.     Denied.

37.     Defendants admit that Empire employees typically helped consumers with the "onboarding process." They deny the remaining the allegations in the first sentence of this paragraph. Defendants lack sufficient knowledge or information to admit the remaining allegations in this paragraph, and on that basis deny.

38.     Defendants admit that Empire told prospective clients that Empire would run the day-to-day operations of the stores.  Defendants deny the remaining allegations in this paragraph.

*Suspensions and Terminations of Empire-Managed Stores by Marketplaces*

7

39.     Defendants admit that Empire used the Fulfilled by Merchant model; used a dropshipping method of order fulfillment; and when a customer ordered an item sold by an Empire-managed store on Amazon.com, Empire purchased the item on behalf of the store owner at a lower price from another supplier. Defendants deny the remaining allegations in this paragraph.

40.     Amazon's policies speak for themselves. Defendants deny the remaining allegations in this paragraph.

41.     Defendants admit that Empire told purchasers they had expertise in managing stores and avoiding suspensions. Defendants deny the remaining allegations in this paragraph.

42.     Denied.

43.     Denied.

44.     Defendants admit that certain Empire-managed Walmart.com stores were terminated. Defendants deny that the majority of Empire-managed Walmart.com stores were never activated. Defendants lack information sufficient to admit or deny whether the majority of Empire-managed Walmart.com stores were opened after those purchasers' Empire-managed Amazon stores were suspended, and on that basis deny. Defendants deny the remaining allegations in this paragraph.

45.     Denied.

46.     Denied.

*Empire's Earnings Claims were False and Unsubstantiated*

47.     Denied.

48.     Defendants admit claiming that it had hundreds of clients generating significant revenue. Defendants deny the remaining allegations in this paragraph.

49.     Defendants lack sufficient information to admit or deny the allegations in this paragraph, and on that basis, deny.

DEFENDANTS JOHN CRESTO AND ROMAN CRESTO'S ANSWER TO THE COMPLAINT

50.     Defendants lack sufficient information to admit or deny the allegations in this paragraph, and on that basis, deny.

51.     Defendants lack sufficient information to admit or deny the statements made by a third party as alleged in this paragraph, and on that basis, deny.

*Non-Disparagement Clauses and Failed Attempt to Switch Store Model*

52.     Defendants admit that certain Empire clients requested refunds. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis, deny.

53.     Defendants admit that Empire offered to service newly opened ecommerce stores for certain customers. Customer contracts speak for themselves. Defendants deny the remaining allegations in this paragraph.

54.     Denied.

55.     The contracts speak for themselves.

56.     This paragraph contains allegations about the state of mind of "Empire clients," about which Defendants lack sufficient information to admit or deny, and on that basis, deny.

57.     Defendants admit that Empire switched clients to the Fulfilled by Amazon ("FBA") model. Defendants deny the remaining allegations in this paragraph.

58.     Amazon's policies speak for themselves. Defendants otherwise deny the allegations in this paragraph.

59.     Denied.

*Empire Failed to Provide Required Disclosures and Earnings Claim Statements*

60.     The allegations in this paragraph contain legal conclusions, not factual allegations, and do not require a response. To the extent a response is required, deny.

61.     The allegations in this paragraph contain legal conclusions, not factual allegations, and do not require a response. To the extent a response is required, deny.

DEFENDANTS JOHN CRESTO AND ROMAN CRESTO'S ANSWER TO THE COMPLAINT

*The Sale of Empire/Onyx*

62.     Denied.

63.     Defendants admit that Empire was sold to LCC Enterprises, LLC. Defendants otherwise deny the allegations in this paragraph.

64.     Defendants lack sufficient information to admit or deny the allegations in this paragraph, and on that basis, deny.

65.     Admitted.

### ***The Deceptive Automators Scheme***

66.     Marketing materials speak for themselves. Defendants otherwise deny the allegations in this paragraph.

*Automators' Business Opportunities Scheme*

67.     Automators' social media posts speak for themselves.

68.     Denied.

69.     Defendants admit that Automators connected potential purchasers with fully vetted partner Amazon automation fulfillment companies.

70.     Denied.

71.     Denied.

72.     Marketing materials speak for themselves.

73.     Marketing materials speak for themselves.

74.     Marketing materials speak for themselves.

75.     Marketing materials speak for themselves.

76.     Denied.

77.     Marketing materials speak for themselves.

78.     Denied.

79.     Denied.

80.     This paragraph contains legal conclusions, not factual allegations, and does not require a response. To the extent a response is required, deny.

10

*Automators' Business Coaching Scheme*

81.     Roman admits the allegations in this paragraph. John lacks sufficient information Defendants lack sufficient information as to the allegations in this paragraph, and on that basis, denies the allegations contained in bullet points in this paragraph.

82.     Marketing materials speak for themselves.

83.     Roman admits that the Automators coaching program includes discussion of the dropshipping fulfillment method. Roman denies claiming that the dropshipping fulfillment method is risk-free. John lacks sufficient information as to the allegations in this paragraph, and on that basis, denies the allegations.

84.     Roman denies the allegations in this paragraph. John lacks sufficient information as to the allegations in this paragraph, and on that basis, denies the allegations.

85.     Roman denies the allegations in this paragraph. John lacks sufficient information as to the allegations in this paragraph, and on that basis, denies the allegations.

**Defendants' Inadequate Disclaimers Do Not Cure Their Misrepresentation**

86.     Marketing materials speak for themselves. To the extent a response is required, Defendants deny the allegations.

87.     Marketing materials speak for themselves. To the extent a response is required, Defendants deny the allegations.

88.     Marketing materials speak for themselves. To the extent a response is required, Defendants deny the allegations.

89.     Marketing materials speak for themselves. To the extent a response is required, Defendants deny the allegations.

90.     Marketing materials speak for themselves. To the extent a response is required, Defendants deny the allegations.

DEFENDANTS JOHN CRESTO AND ROMAN CRESTO'S ANSWER TO THE COMPLAINT

91.     Marketing materials speak for themselves. To the extent a response is required, Defendants deny the allegations.

92.     Marketing materials speak for themselves. To the extent a response is required, Defendants deny the allegations.

## VIOLATIONS OF THE FTC ACT

93.     The statute speaks for itself.

94.     The statute speaks for itself. This paragraph contains legal conclusions to which no response is required.

95.     Denied.

## COUNT ONE

### False or Unsubstantiated Earnings Claims

96.     Denied.

97.     Denied.

98.     Denied.

## VIOLATIONS OF THE BUSINESS OPPORTUNITY RULE

99.      The statute speaks for itself.

100.    This paragraph contains legal conclusion and argument, and does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations.

101.    This paragraph contains legal conclusion and argument, and does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations.

102.    This paragraph contains legal conclusion and argument, and does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations.

103.    This paragraph contains legal conclusion and argument, and does not require a response from Defendants. To the extent a response is required, Defendants deny the

12

DEFENDANTS JOHN CRESTO AND ROMAN CRESTO'S ANSWER TO THE COMPLAINT

allegations.

104.   This paragraph contains legal conclusion and argument, and does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations.

105.   This paragraph contains legal conclusion and argument, and does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations.

106.   Defendants repeat and incorporate their responses to all of the foregoing paragraphs of the Complaint as if fully set forth herein, including their responses to Paragraphs 31 to 34, 67, 74 to 75, and 82. The remaining allegations in this paragraph contain legal conclusion and argument, and do not require a response from Defendants.

107.   The statute speaks for itself.

108.   The statute speaks for itself.

## COUNT TWO

### Misrepresentations Regarding Income or Profits

109.   Denied.

110.   The statute speaks for itself. This paragraph contains legal conclusion and argument, and does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations.

## COUNT THREE

### Disclosure Document Violations

111.   This paragraph contains legal conclusion and argument, and does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations.

112.   The statute speaks for itself. This paragraph contains legal conclusion and argument, and does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations.

DEFENDANTS JOHN CRESTO AND ROMAN CRESTO'S ANSWER TO THE COMPLAINT

## COUNT FOUR

### Earnings Claims to Prospective Purchasers Violations

113.   The statute speaks for itself. This paragraph contains legal conclusion and argument, and does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations.

114.   The statute speaks for itself. This paragraph contains legal conclusion and argument, and does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations.

## COUNT FIVE

### General Media Earnings Claims Violations

115.   Denied.

116.   This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny the allegations.

## COUNT SIX

### Industry Financial, Earnings, or Performance Information Violations

117.   Denied.

118.   This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny the allegations.

## VIOLATIONS OF THE CONSUMER REVIEW FAIRNESS ACT

119.   The statute speaks for itself.

120.   The statute speaks for itself.

121.   The statute speaks for itself. This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants lack

14

knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny the allegations.

122.     The statute speaks for itself. This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny the allegations.

123.     The statute speaks for itself. This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny the allegations.

124.     The statute speaks for itself. This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny the allegations.

## COUNT SEVEN

### Violations of the CRFA

125.     Denied.

126.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny the allegations.

## COUNT EIGHT

### Relief Defendant

127.     Denied.

128.     Denied.

129.     Denied.

15

DEFENDANTS JOHN CRESTO AND ROMAN CRESTO'S ANSWER TO THE COMPLAINT

## **CONSUMER INJURY**

This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny the allegations.

## **PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to the relief it seeks in its prayer for relief.

## **AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that Defendants would not otherwise bear under applicable law, Defendants assert the following affirmative defenses and reserve the right to amend their Answer as additional information becomes available:

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

1.    Plaintiff's Complaint is barred in whole or in part for failure to state a claim against Defendants upon which relief may be granted.

## **SECOND AFFIRMATIVE DEFENSE**

### **(Statute of Limitations)**

2.    Plaintiff's Complaint is barred based on the statute of limitations.

## **THIRD AFFIRMATIVE DEFENSE**

### **(Good Faith)**

3.    Defendants acted in good faith and in a manner that was reasonable and justified.

## **FOURTH AFFIRMATIVE DEFENSE**

### **(No Proximate Cause)**

4.    Defendants' alleged conduct was not the legal or proximate cause of any alleged injury or damages to consumers.

DEFENDANTS JOHN CRESTO AND ROMAN CRESTO'S ANSWER TO THE COMPLAINT

## FIFTH AFFIRMATIVE DEFENSE

### (No Control)

5.     Defendants did not participate in nor did they control or have the ability to control the alleged acts, practices, and conduct.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

6.     These claims are barred in whole or in part based on waiver and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Negligence)

7.     Consumers were negligent in their operation of the ecommerce stores and did not operate the stores as intended and/or failed to operate the stores as intended.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Material Misrepresentations)

8.     Defendants did not make any marketing misrepresentations and even if they did the misrepresentations were not material.

## NINTH AFFIRMATIVE DEFENSE

### (Fifth Amendment)

9.     Defendants were deprived the procedural due process guaranteed by the Fifth Amendment to the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

### (First Amendment)

10.     Defendants have a right to communicate truthful commercial speech under the First Amendment to the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reasonable Reliance)

11.     Defendants reasonably relied on the representations of others, and did not willfully, knowingly or intentionally make any material misrepresentations.

DEFENDANTS JOHN CRESTO AND ROMAN CRESTO'S ANSWER TO THE COMPLAINT

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

12.    Recovery is barred in whole or in part by consumers' failure to mitigate the alleged damages sustained by consumers.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Substantial Injury)

13.    Consumers did not sustain any substantial injuries based on Defendants' alleged conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Relief)

14.    The relief sought is impermissibly punitive in nature, is not limited to what is necessary and appropriate to redress the alleged harm, and would not be in the public interest.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Offset)

15.    Any monetary relief is subject to offset, including but not limited to, by the benefits received by consumers and costs associated with the advertising or marketing of goods and/or services and the damages caused to Defendants by the Ex Parte Temporary Restraining Order and Stipulated Preliminary Injunction entered in this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Affirmative Defenses)

16.    Defendants reserves their right to amend this Answer and to assert any additional defenses and/or supplement or modify this Answer as may be warranted by the revelation of information during discovery and Defendants' further investigation of the Complaint's allegations.

//

//

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

A.     That Plaintiff take nothing on its Complaint;

B.     That Plaintiff's claims be dismissed with prejudice; and

C.     For such other relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Under Federal Rule of Civil Procedure 38, Defendants demand a trial by jury in this matter of any issues so triable by right.

Respectfully Submitted,

Dated: October 23, 2023

*/s/ Michael Zweiback*

MICHAEL ZWEIBACK

Attorney for Defendants
JOHN CRESTO and ROMAN CRESTO

19

DEFENDANTS JOHN CRESTO AND ROMAN CRESTO'S ANSWER TO THE COMPLAINT

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will cause a copy of the same to be served on the following parties entitled to service:

Douglas Litvack
Jenner & Block LLP
1099 New York Avenue NW
Suite 900
Washington, DC 20001
202-637-6357
dlitvack@jenner.com

Kathleen Marcus
Stradling Yocca Carlson & Rauth
660 Newport Center Dr., Suite 1600
Newport Beach, CA 92660
949-725-4080
kmarcus@stradlinglaw.com

Lisa Northrup
Stradling Yocca Carlson & Rauth
660 Newport Center Dr., Suite 1600
Newport Beach, CA 92660
949-725-4011
lnorthrup@stradlinglaw.com

Jason Debretteville
Stradling Yocca Carlson & Rauth
660 Newport Center Dr., Suite 1600
Newport Beach, CA 92660
949-725-4094
jdebretteville@stradlinglaw.com

*Counsel for Defendants Pelenea
Ventures LLC, Andrew Chapman
and Relief Defendant, Peregrine
Worldwide, LLC*

Colleen Robbins
Christopher E. Brown
Frances L. Kern
Federal Trade Commission
600 Pennsylvania Ave, NW, CC8528
Washington, DC 20580
(202) 326-2548; crobbins@ftc.gov
(202) 326-2825; cbrown3@ftc.gov
(202) 326-2391; fkern@ftc.gov
(202) 326-3395 (fax)
(202) 326-3395 (fax)

*Attorneys for Plaintiff
Federal Trade Commission*

Michael Zweiback
Zweiback, Fiset & Zalduendo
315 W. 9th Street, Suite 1200
Los Angeles, CA 90015
213-266-5171
Michael.zweiback@zfzlaw.com

Hannah Friedman
Zweiback, Fiset & Zalduendo
315 W. 9th Street, Suite 1200
Los Angeles, CA 90015
213-582-8403
Hannah.friedman@zfzlaw.com

*Counsel for Defendants Roman
Cresto and John Cresto*

Eliot Krieger
SKT Law, P.C.
7755 Center Avenue, Suite 1225
Huntington Beach, CA 92647
949-523-3333

*Counsel for Defendants Automators
LLC and Stryder Holdings LLC*

Diana L. Fitzgerald
Fitzgerald & Isaacson, LLP
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
310-480-0090

*Counsel for Dan Cohen, Owner of
Empire Ecommerce LLC and Onyx
Distribution LLC*

Kathy Bazoian Phelps
Raines Feldman Littrell LLP
1900 Avenue of the Stars, Suite 1900
Los Angeles, CA 90067
310-440-4100
kphelps@raineslaw.com

*Attorney for Receiver*

  */s/ Brandon Yu*
Brandon Yu