**RAINES FELDMAN LITTRELL LLP**
Kathy Bazoian Phelps (State Bar No. 155564)
*kphelps@raineslaw.com*
1900 Avenue of the Stars, 19th Floor
Los Angeles, California 90067
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

Attorneys for Receiver
STAPLETON GROUP, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> AUTOMATORS LLC, et al., <br><br> Defendants. <br><br> PEREGRINE WORLDWIDE, LLC, a Delaware limited liability company, <br><br> Relief Defendant. | Case No.: 3:23-cv-01444-DMS-BGS <br><br> Assigned to Hon. Dana M. Sabraw <br><br> **RECEIVER'S FIRST STATUS REPORT AND PETITION FOR INSTRUCTIONS** |

Stapleton Group, Inc., the Court-appointed preliminary receiver herein (the "Receiver"), files this First Status Report and Petition for Instructions.

## I. Statement of Facts

### A. Procedural History

1. On August 8, 2023, the U.S. Federal Trade Commission ("FTC" or "Plaintiff") commenced this enforcement action by filing a complaint against Automators LLC, also d/b/a Automators AI and Ecom Skool, Empire Ecommerce LLC, Onyx Distribution LLC, Stryder Holdings LLC, Pelenea Ventures LLC, Roman Cresto, John Cresto, and Andrew Chapman (collectively the ("Defendants") and Peregrine Worldwide, LLC ("Relief Defendant") (the "Complaint") (ECF No. 1).

2. The FTC alleges Defendants are in violation of Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57(b); the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities ("Business Opportunity Rule"), 16 C.F.R. Part 437, as amended; and the Consumer Review Fairness Act of 2016 (CRFA"), 15 U.S.C. § 45b. Id.

3. The FTC alleges that from approximately early 2020, Defendants operated an enterprise through the various corporate defendants that illegally sold business opportunities and coaching programs that caused consumers over $22 million in harm. Specifically, the FTC alleges that the Defendants falsely promoted their businesses of starting and managing "automated" packages of ecommerce stores, related coaching and training materials, with various representations including about earnings and expectations for customers.

4. The FTC concurrently filed an ex parte application for temporary restraining order with asset freeze, appointment of a receiver, immediate access to Defendants' premises and documents, and other equitable relief (the "TRO App") (ECF No. 5).

5.  On August 8, 2023, the Court entered an Order (1) Granting Ex Parte Application For Temporary Restraining Order With Asset Freeze, Appointment of a Temporary Receiver, and other Equitable Relief (ECF No. 5), (2) Directing Defendants to Show Cause Why Preliminary Injunction Should Not Issue, and (3) Setting Preliminary Injunction Hearing and Briefing Schedule (the "August 8 Order") (ECF No. 8).

6.  Pursuant to the August 8 Order, the Court set the Preliminary Injunction Hearing for September 19, 2023 at 10:00 a.m. Order, Section XXVI and appointed Michael P. Dunn as the temporary receiver of the Receivership Entities.

7.  Michael Dunn in his capacity as the former receiver ("Former Receiver") filed a Report and Petition for Instruction on August 23, 2023 (ECF No. 29) (the "Dunn Report").

8.  The Former Receiver filed a Corrected Notice of Temporary Receiver's Determination Regarding Additional Receivership Entity (ECF no. 28), adding Wize Mate LLC as a receivership entity in this case.

9.  On September 8, 2023, the Court entered the Order (1) Granting Joint Motion to Enter Stipulated Preliminary Injunction, ECF No. 47; and (2) Vacating Preliminary Injunction Hearing (the "Appointment Order"), ECF No. 48, under which the Receiver was appointed by the District Court as the receiver for (a) Automators LLC, also dba Automators AI and Ecom Skool, a Nevada limited liability company; (b) Empire Ecommerce LLC, a California limited liability company; (c) Onyx Distribution LLC, a California limited liability company; (d) Stryder Holdings LLC, a California limited liability company; (e) Pelenea Ventures LLC, a Tennessee limited liability company; each of the foregoing's subsidiaries, fictitious business names, affiliates, successors, and assigns; (f) Peregrine Worldwide, LLC; and (g) any other entity that has conducted any business related to the alleged Amazon business opportunities and

coaching services offered by the defendants in the Receivership Action and that the Receiver determines is controlled or owned by any such defendant (collectively, the "Receivership Entities"). The assets of these entities constitute the receivership estate (the "Receivership Estate").

10. The Receiver engaged Raines Feldman Littrell LLP as counsel pursuant to the Appointment Order at Section XVIII. Raines Feldman began providing services, effective as of September 8, 2023. The Receiver has filed a motion for Court approval of the employment of general counsel.

### B.   Florida Assignment for Benefit of Creditors

1. On December 23, 2022, Daniel Cohen, on behalf of Empire Ecommerce LLC ("Empire") and Onyx Distribution LLC ("Onyx"), commenced two assignments for the benefit of creditors pursuant to Florida Statute 727.10 et seq., ("The Florida Assignment for the Benefit of Creditors Statute"), assigned Case Nos. CACE22018810 and CACE22018813, respectively (the "Florida ABCs").

2. Michael Dunn, the former receiver in this case, has served as the Assignee for Benefit of Creditors in the Florida ABCs since December 2022.

3. The Receiver has filed Notices of Stay in the Florida ABCs. The Former Receiver also acknowledged that the Florida ABCs are stayed due to the Receivership. (See Dunn Report at p. 9).

4. The Receiver is advised that the Assignee and his professionals have incurred fees in the Florida ABCs in the approximate amounts as follows:

| | |
|---|---|
| Assignee: | $82,000 |
| Assignee's Counsel | $132,000 |
| Assignee's Forensic Acct | $28,000 |

5. The Receiver has engaged in discussions with the Assignee regarding coordination of the Receivership and the Florida ABCs and the most cost-effective and efficient means of handling the assets and claims

administration among the proceedings. The parties are in the midst of discussions, and the Receiver anticipates updating the Court in the near term regarding its proposal for the handling of the Florida ABCs.

## II. Via Gaviota Property

Relief Defendant Peregrine Worldwide, LLC, one of the Receivership Entities, is the owner of the real property located at 4560 Via Gaviota, Rancho Santa Fe, California (the "Property").

Defendant Andrew Chapman and his wife were residing in the Property at the time of the appointment of the Receiver. The Receiver has worked with the Chapmans to inspect the Property, inventory the personal property at the Property, and transition the utilities and other services at the Property to the control of the Receiver.

The Receiver has arranged for the Chapmans to vacate the Property and remove their exempt personal property, which the Chapmans advised they need to place in a storage facility. The parties stipulated to allow the Chapmans to open a storage unit for the purpose of storing their exempt personal property in accordance with the asset freeze requirements of the Appointment Order at Section III, Para. B.

The Chapmans vacated the Property as of November 10, 2023, and the Receiver is exploring its options relative to the Property. The Receiver is meeting with brokers for purposes of evaluating the possible sale of the Property. If and when necessary, the Receiver will coordinate potential marketing and sale efforts associated with the Property with matters pending in the underlying FTC action against the Defendants.

The cost of maintaining the Property is substantial, as set forth in the budget attached hereto as Exhibit "2" so the Receiver hopes to move forward expeditiously in seeking to liquidate the Property and mitigate the costs for the

estate. The Receiver is reducing costs where possible, while still maintaining the Property to preserve the value for a potential sale.

### III. Receiver's Tasks and Accomplishments

The Receiver has engaged in extensive discussions with various parties and interested parties in this case to obtain information and documentation to aid in the administration of the estate. A summary of the tasks performed to date is as follows:

1. When appointed, the Receiver made contact with the Former Receiver to take control of the Receivership Estate, established a dialogue concerning assets and critical in-process tasks, arranged to transfer existing receivership cash, and agreed to work together to turn over files, accounting records and other receivership data and information. Some, but not all, of the document transfer has been completed.

2. The Receiver took control of the existing bank account and the cash of the Receivership Estate in the amount of $338,728.

3. The Receiver immediately confirmed liability and casualty insurance were in place for the Property and named the Receiver as an Additional Insured

4. The Receiver completed necessary actions to transfer all utilities, property services and grounds maintenance to the Receivership Estate.

5. The Receiver completed and recorded a Notice of Pendency of Action against the Property that included describing the Stay of Action in the Appointment Order.

6. The Receiver determined from documents it requested and were provided by attorneys for defendants that furnishings and personal property located in the residence were purchased with $160,000 of funds diverted from receivership entities. The Receiver directed all non-exempt furnishings and non-exempt personal property not be removed from the Property.

7.     The Receiver demanded that Andrew and Gianna Chapman, who were occupying the Property, immediately pay market-based rent for the month of October. After no response, the Receiver demanded the Chapmans vacate the Property, which was completed on or about November 10, 2023.

8.     The Receiver inspected the Property on November 3, 2023, confirmed the furnishings and other personal property remained in place and inspected the grounds and vegetation with the landscape company.

9.     The Receiver met with a local experienced broker to view and discuss the Property. The Receiver will meet with two more local experienced brokers to complete gathering information about the area market conditions and specific value opinions for the residence and grounds.

10.    The Receiver has changed the locks to the Property and met with security consultants to repair and restart the existing security system.

11.    Concurrently, the Receiver has reviewed documents turned over by attorneys for the Defendants and other materials provided by the former Receiver. The Received confirmed the details of the $7,700,000 purchase of the Property in June 2022 including the funding of $7,466,474.94 by Defendant Pelenea Ventures LLC to a third-party escrow for Relief Defendant Peregrine Worldwide LLC to complete the purchase of the Property.

12.    The Receiver also reviewed the same documents to confirm the details of the $1.0 million loan Peregrine Worldwide LLC obtained on or around June 23, 2023, which was secured by a first deed of trust against the Property. The balance of these loan proceeds as of the date of the Receiver's appointment was $294,026.15. These funds are now frozen and held in Receivership Estate bank accounts. The Receiver has confirmed that the Chapmans used the remainder of these loan proceeds for personal use.

13.    The Receiver has had extensive discussions with the Former Receiver and his attorney to provide the documentation and schedules used in

prior accounting analysis and furnished as an exhibit to a declaration. The Receiver believes it can use the documentation and schedules to identify and confirm individual defendant accounts to which approximately $2.5 million was transferred while the Defendant entities operated. As of the date of this Report, transferring the documentation and schedules has not been completed.

IV. **Assets and Liabilities of the Estate**

    A. **Assets**

The Receiver is advised that other potential assets of the estate consist of the following:

1. Cash on hand: The Receiver took over the bank accounts of the Receivership Entities from the Former Receiver, with an aggregate value at the time of the Receiver's appointment of $338,728.

2. The Property, which has an approximate gross value of $6.5 to $7.0 million.

3. Personal property. Substantial personal property was purchased with funds from the Receivership Entities which remains at the Property as of the date of this Report.

4. Claims relating to the $1,000,000 loan taken out on the Property, the proceeds of which were transferred to or for the benefit of Andrew Chapman and his wife and to other third-party recipients, including $132,000 in payment of attorneys' fees.

5. Claims relating to other transfers of cash from the Receivership Entities, the amounts and recipients of such transfers of which are still under investigation.

6. Third party claims: The Receiver is advised by the Former Receiver that certain third-party tort claims may exist, and the Receiver intends to investigate these claims further.

7. Insurance Claims: The Receiver is evaluating whether the estate holds claims that are covered by applicable insurance policies.

### B. Liabilities

The Receiver has not been provided a comprehensive list of creditors or investors as of this time. The Receiver has compiled its own list of potential non-consumer creditors, a copy of which is attached hereto as Exhibit "3," and continues to work to gather information relating to the identity of such creditors and the amounts of their claims.

Counsel for the Former Receiver has filed a fee application seeking reimbursement of $69,916.9 in fees and $981.58 in expenses, with a possible additional $4,500 for future work that may be required. The Receiver does not know whether the Former Receiver intends to file a separate request for fees and expenses. The Receiver does not take a position on the amount and nature of the fees requested, but does advise the Court that delayed payment of allowed fees and expenses is likely appropriate in this case given the substantial ongoing costs of maintaining the Property. The Receiver reserves the right in his discretion to refrain from paying professional administrative claims until such time as the Property is sold and there are sufficient cash proceeds to pay such claims.

The Receiver is advised that the Assignee received approximately 235 claims totaling approximately $14 million relating to Onyx and Empire, but the Assignee has not yet provided copies of the claims or detailed information relating to those claims.

The Receiver is still in the process of gathering information relating to the consumers and creditors of the Receivership Entities.

### V. Cash Activity of Receivership

The Receiver has prepared a Receipts and Disbursement spreadsheet of the case activity in the estate from September 8, 2023 through October 31, 2023, a copy of which is attached hereto as Exhibit "1." The primary disbursements from

the estate have been in connection with the maintenance and preservation of the Property.

The Property is a sizeable residence in Rancho Santa Fe with significant landscaping and maintenance requirements. The Chapmans, who were residing in the Property, have vacated the Property and the Receiver has changed the locks at the Property. Accordingly, the Receiver is maintaining the Property in the most cost-effective manner possible and has reduced the monthly costs to what the Receiver believes is the minimum to maintain and preserve the Property. A monthly average budget to maintain the Property is attached hereto as Exhibit "2."

The Receiver and his counsel have filed a fee application for time spent through October 31, 2023, and the Former Receiver's counsel has also filed a fee application. While the Receiver believes that approval of the fees and costs requested is appropriate, it does seek permission to pay those administrative claims only at a time when the Receiver in its discretion determines it is prudent to pay those claims.

## VI. Petition for Instructions

Though the Receiver believes that he has plenary powers and discretion as preliminary equity receiver over the Receivership Entity to take all steps necessary or appropriate to address, manage, protect and preserve the entities and assets of the Receivership Estate including the matters covered in this Motion, the Receiver requests entry of an order setting for the particular duties identified herein and authority to take certain actions regarding the business operations of the Receivership Entities. Specifically, the Receiver requests authority for the following:

1. To establish a schedule for the filing of status reports and request for approval of compensation such that the Receiver may file status reports and fee motions on a quarterly basis.

2. To approve the Budget attached as Exhibit "2" for the operation of the Receivership Estate including the Property.

3. To reject leases and executory contracts if not in the best interest of the estate, and to enter into a rental agreement for the Property in its business judgment if such agreement would be in the best interest of the Receivership Estate.

4. To compromise or settle claims for amounts in controversy, or discounts, not to exceed $100,000 without further court authority. If outside of the ordinary course of business or for matters exceeding $100,000, the Receiver shall seek further authority from this Court.

4. To operate the Property pending a sale in its business discretion in amounts not to exceed those set forth in the budget attached hereto as Exhibit "l."

5. For an order approving limited notice given on motions regarding administrative matters in the receivership case, requests for compensation, status reports, motions relating to settlements or the sale of property as follows:

    a. The Receiver shall post all notices and pleadings filed in the case on the receivership website at https://www.automators-empire-onyx-receivership.com/case-documents.aspx;

    b. The Receiver shall send electronic notice to all consumers and creditors of all notices and motions for which notice is required to the extent that the Receiver has email addresses;

    c. The Receiver shall not be required to send mail notice to consumers and creditors;

    d. To the extent that the Receiver determines to run a claims process and solicit proofs of claims, the Receiver shall send mail and electronic notice to all consumers and creditors to their last known physical and email addresses and shall also post notice on the Receiver's website.

## VII. Conclusion

Based on the foregoing, the Receiver recommends that the receivership remain in effect to allow for the administration of the assets and liabilities in the case. The Receiver intends to continue its investigation of the potential assets of the Receivership Estate and believes that the pursuit of third-party claims to recover funds for the benefit of the claimants is in the best interest of the estate. The Receiver does not believe that there are any ongoing viable business operations so that liquidation of known assets and pursuit of claims to recover funds will be the primary receivership activities going forward. The Receiver respectfully requests the Court approve the Receiver's petition for instructions to assist in the efficient administration of the Receivership Estate.

Dated: November 21, 2023

RAINES FELDMAN LITTRELL LLP

By: *s/ Kathy Bazoian Phelps*
Kathy Bazoian Phelps
Attorneys for Receiver
STAPLETON GROUP, INC.

10073267.1

11

STATUS REPORT AND PETITION FOR INSTRUCTIONS

# EXHIBIT 1

| **Cash Receipts and Disbursements** | Date | | Amount |
|---|---|---|---|
| **Beginning Cash, 9/08/2023** | | $ | **338,727.60** |
| Cash Receipts | | | |
|   September Interest on Bank Accounts | 9/29/2023 | $ | 278.51 |
|   October Interest on Bank Accounts | 10/29/2023 | $ | 430.97 |
| **Total Cash Receipts** | | $ | **709.48** |
| Cash Disbursements | | | |
|   Earthquake Insurance Payment to State Farm | 10/13/2023 | $ | (662.00) |
|   Homeowner's Insurance Payment to State Farm | 10/13/2023 | $ | (847.50) |
| **Total Cash Disbursements** | | $ | **(1,509.50)** |
| **Ending Cash, 10/31/2023** | | $ | **337,927.58** |

# EXHIBIT 2

**FTC v. Automators, LLC**

**Monthly Property-Related Expenses**

| | |
|---|---:|
| Property Tax | 6,000 |
| HOA Expenses | - |
| Ground Maintenance | 5,500 |
| Electricity and Gas | 1,000 |
| Water | 1,600 |
| Security | 500 |
| Trash | 250 |
| Pest Control | 225 |
| Pool Service | 200 |
| Insurance | 853 |
| Other Maintenance and Repairs | 500 |
| **Total** | **16,628** |

# EXHIBIT 3

| Creditor/Interested Party | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|
| American Express Platinum | PO Box 96001 | | Los Angeles | CA | 90096 |
| Andrew Chapman | 4560 Via Gaviota | | Rancho Santa Fe | CA | 92067 |
| Capital One Journey | PO Box 30285 | | Salt Lake City | Utah | 84130-0287 |
| Chase Card Services | PO Box 15299 | | Wilmington | DE | 19851 |
| Discover It | PO Box 6103 | | Carol Stream | IL | 60197-6103 |
| DLA Piper | 4365 Executive Dr, Suite 1100 | | San Diego | CA | 92121 |
| First Financial Bank | 1363 West Anchor Dr. | | Dakota Dunes | SD | 57049 |
| Ford Motor Credit | 9930 Federal Dr. | | Colorado Springs | CO | 80921 |
| Jonah Kay c/o Dept of Industrial Relations | 7575 Metropolitan Dr., Suite 210 | | San Diego | CA | 92108 |
| LaMont Henry David Peck, Esq. | 1140 S. Coast Hwy 101 | | Encinitas | CA | 92024 |
| Life Care Ctr of Collegedale | PO Box 658 | | Collegedale | TN | 37315 |
| Mark D. Rich, Esq. | 201 S Biscayne Bl. Citi Ctr, Suite 3000 | | Miami | FL | 33131 |
| Porsche Financial Services | One Porsche Drive | | Atlanta | GA | 30354 |
| Steven Goldosbel | 1901 Ave of the Stars, Suite 1750 | | Los Angeles | CA | 90067 |
| Superior Court of CA North County | 325 S. Melrose Dr, #350 | | Vista | CA | 92081 |
| Wells Fargo Legal Order Processing | MAC S4001-01E PO Box 29779 | | Phoenix | AZ | 85038 |
| Michael Zweiback Zweiback Fiset & Zalduendo LLP | 315 W. 9th Street, Suite 1200 | | Los Angeles | CA | 90015 |
| Barclays Bank | 125 S. West Street | | Wilmington | DE | 19801 |

| **Creditor/Interested Party** | **Address 1** | **Address 2** | **City** | **State** | **Zip** |
|---|---|---|---|---|---|
| LCC Enterprises Perlman Bajandas Yevoli & Albright | 283 Catalonia Ave, #200 | | Coral Gables | FL | 33134 |
| Daniel Cohen Fitzgerald & Isaacson LLP | 1701 Ponce De Leon Bl, Suite 200 | | Miami | FL | 33134 |
| Pachulski | 10100 Santa Monica Bl, 13th Fl. | | Los Angeles | CA | 90067 |
| Donald M. Brandon, MD | 4180 Ruffin Rd, Suite 255 | | San Diego | CA | 92123 |
| Stubbs Alderton | 15260 Ventura Bl, 20th Fl. | | Sherman Oaks | CA | 91403 |
| Greystar | PO Box 2706 | | Lynnwood | WA | 98036 |
| Wells Fargo Active Cash Wells Fargo Card Services | PO Box 51193 | | Los Angeles | CA | 90051-5493 |
| Columbine Landscaping Inc. | 101 N. Hale Ave. | | Escondido | CA | 92029 |
| Smith Electric | 1750 South Juniper St. | | Escondido | CA | 92025 |
| Sylvia E. Sears Danner Irrevocable 2018 Trust Jeffrey Mark Danner, Trustee | 2300 Boswell Road, # 215 | | Chula Vista | CA | 91914 |
| San Diego Gas and Electric | PO box 25111 | | Santa Ana | CA | 92799-5111 |
| Santa Fe Irrigation District | PO Box 409 | | Rancho Santa Fe | CA | 92067 |
| Ronald C. Wang, Agent State Farm General Ins Co c/o Valerie Reinholtz Office Manager RCW Insurance Services | 12880 Rancho Penasquitos Bl, #D | | San Diego | CA | 92129 |
| SDGE | PO Box 25111 | | Santa Ana | CA | 92799-5111 |