**RAINES FELDMAN LITTRELL LLP**
Kathy Bazoian Phelps (State Bar No. 155564)
kphelps@raineslaw.com
1900 Avenue of the Stars, 19th Floor
Los Angeles, California 90067
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

*Counsel for Stapleton Group, Inc. Receiver*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATORS LLC, *et al*.,<br><br>Defendants,<br><br>PEREGRINE WORLDWIDE, LLC, a Delaware limited liability company,<br><br>Relief Defendant. | Case No.: 3:23-cv-01444-DMS-BGS<br><br>**NOTICE OF MOTION BY RECEIVER FOR ORDER:**<br><br>**(1) APPROVING RECEIVER'S FINAL REPORT AND ACCOUNTING;**<br>**(2) AUTHORIZING TRANSFER OF FUNDS TO FEDERAL TRADE COMMISSION FOR DISTRIBUTION;**<br>**(3) BARRING FUTURE CLAIMS;**<br>**(4) CLOSING THE RECEIVERSHIP;**<br>**(5) DISCHARGING THE RECEIVER; AND**<br>**(6) RETAINING JURISDICTION**<br><br>Date: July 11, 2025<br>Time: 1:30 p.m.<br>Dept: Courtroom 13A<br>Judge: Hon. Dana M. Sabraw<br>Place: United States District Court<br>333 West Broadway<br>San Diego, CA 92101 |

TO ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE THAT on July 11, 2025, at 1:30 p.m., in Courtroom 13A of the above-entitled Court located at 333 West Broadway, San Diego, California, Stapleton Group Inc., Inc. ("Receiver"), in its capacity as Court-appointed receiver for (a) Automators LLC, also dba Automators AI and Ecom Skool, a Nevada limited liability company; (b) Empire Ecommerce LLC, a California limited liability company; (c) Onyx Distribution LLC, a California limited liability company; (d) Stryder Holdings LLC, a California limited liability company; (e) Pelenea Ventures LLC, a Tennessee limited liability company; each of the foregoing's subsidiaries, fictitious business names, affiliates, successors, and assigns; (f) Peregrine Worldwide, LLC; and (g) any other entity that has conducted any business related to the alleged illegal sale of business opportunities and coaching programs of the defendants in the receivership action and that the Receiver determines is controlled or owned by any such defendant (collectively, the "Receivership Entities"), will and hereby does move for an order granting its Motion for: (1) Approving the Receiver's Final Report and Accounting; (2) Authorizing Transfer of Funds Federal Trade Commission for Distribution; (3) Barring Future Claims Against Receivership; (4) Closing the Receivership; (5) Discharging the Receiver; and (6) Retaining Jurisdiction (the "Motion"). The Receiver has conferred with the Federal Trade Commission (the "FTC") and the Defendants, who do not oppose the Motion.

**Meet and Confer**: The Receiver has met and conferred with the Federal Trade Commission ("FTC"), and counsel to the Receivership Defendants prior to filing this pleading and they have no objection to the relief requested herein.

**Relief Requested in Motion**: The Motion seeks entry of an order with the following relief:

1. <u>Approval of Final Report</u>. Approval of the Receiver's Final Report and Accounting attached to the Motion as Exhibit "1," and approval of all payments made by the Receiver in connection with the administration of the receivership estate.

2. <u>Reserve for Closing Tasks</u>. Authorization for the Receiver to establish a reserve in the amount of no more than $50,000 and to make payments from the Reserve to the Receiver, legal and tax Professionals, any taxing authority, and any other necessary professionals or vendors in connection with those actions taken after the payment of administrative fees and expenses to wind-down and close the receivership (the "Reserve"). The Receiver may pay all professional fees incurred following May 31, 2025, from the Reserve without further order of the Court. Any surplus Reserve remaining after the payment of outstanding fees and expenses shall be included in the distribution to the Federal Trade Commission set forth below.

3. <u>Distribution to Federal Trade Commission</u>. Authorization for the Receiver to transfer the net funds in the Receivership Estate to the Federal Trade Commission for distribution purposes. The Receiver shall not otherwise distribute funds to claimants.

4. <u>Final Tax Returns</u>. Authorization to engage Ratzlaff Tamberi & Gill to prepare and submit any final and post-receivership tax returns for the Receivership Entities as the Receiver determines to be necessary or appropriate, and payment for any associated tax liability, and authorization to pay for the Receiver's tax professionals from the Reserve.

5. <u>Destruction of Records</u>. Authorization for the Receiver Parties to destroy, or otherwise dispose of, all books, records, computer

equipment, other computer related-devices, and other items related to the Receivership in the Receiver's discretion and at such time as it deems proper (other than those necessary to support the tax returns filed by the Receiver as set forth above) if within thirty days after written notice to the Federal Trade Commission (the "FTC"), the FTC does not take custody of such records and other items.

6. <u>Discharge, Bar of Future Claims, and Injunction</u>.  At the appropriate time in its discretion, the Receiver shall file a closing declaration in which it attests that it has completed the final distribution as specified herein, has filed the final necessary tax returns with sufficient time for a prompt assessment to be completed by the Internal Revenue Service, and paid the final fees and costs of the Receivership (the "Closing Declaration").  Effective upon the filing of the Closing Declaration, the Receiver and its agents, employees, members, officers, independent contractors, attorneys, representatives, predecessors, successors and assignees (the "Receiver Parties"): (a) shall not have any liability to any person or entity for any action taken in good faith in connection with carrying out the Receiver's administration of this receivership estate, and the exercise of any powers, duties and responsibilities in connection therewith; and (b) are (i) discharged, (ii) released from all claims and liabilities arising out of and/or pertaining to the receivership, and (iii) relieved of all duties and responsibilities pertaining to the receivership previously established in this action.  All claims against the receivership estate shall be barred, and all persons are enjoined from commencing or prosecuting, without leave of this Court, any action against the Receiver or its agents in connection with or arising out of the Receiver Parties' services to this Court in this Receivership.

7. <u>Closure Effective Upon Filing of Closing Declaration</u>.  The Receivership will be closed effective upon the filing of the Closing Declaration, without further order from this Court. The Closing Declaration will provide an accounting of all funds turned over to the Federal Trade Commission after the payment of final fees and expenses, and closing of the Reserve.

8. <u>Retention of Jurisdiction</u>.  The Court shall retain jurisdiction over any and all matters relating to the Receiver, the receivership and the receivership estate, including any matters relating to the distribution of funds received by the Receiver in connection with its obligations as Receiver or otherwise received after the receivership is closed. To the extent any dispute arises concerning the Receiver's administration of the receivership estate or to the extent any person or entity seeks to pursue or assert any claim or action against the Receiver or any agent, employee, member, officer, independent contractor, attorney or representative of the Receiver, arising out of or related to this receivership, the Court shall retain jurisdiction to hear and resolve any dispute or claim.

9. Authorization for the Receiver to take all steps necessary or appropriate to complete the administration of the Receivership and its assets in accordance with the relief granted in this Receivership Closing Motion;

The relief requested in the Motion will promote the orderly and prompt wind up of this Receivership in an expeditious cost-effective manner. The relief sought is customary and appropriate in closing a receivership estate.

**Any claimants wishing to inquire about the status of the distribution are instructed to contact the FTC directly at automatorsredress@ftc.gov.**

1
2         This Motion is supported by this Notice of Motion, the accompanying
3   Motion including the memorandum of points and authorities contained therein,
4   the Declaration of Jake Diiorio and Exhibits filed herewith, and all the papers and
5   files in this matter. In addition to service by ECF, the Receiver intends to serve
6   this Notice, the Motion and the supporting documents on all interested parties
7   using a confidential email list, and to post this Notice, the Motion and supporting
8   documents on the Receivership website. See Civil L.R. 66-6.
9
10  Dated: June 23, 2025            RAINES FELDMAN LITTRELL LLP
11
12                                                By: *s/ Kathy Bazoian Phelps*
13                                                        Kathy Bazoian Phelps
14                                                        *Counsel for Stapleton Group, Inc.*
15                                                        *Receiver*
16
17
18
19
20
21
22
23
24
25
26
27
28